**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1063**

XIAOLAN PAN,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 27, 2012        Decided:  October 4, 2012

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Gang Zhou, New York, New York, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Daniel E. Goldman, Senior Litigation Counsel, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiaolan Pan, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's order denying her applications for asylum and withholding of removal. We dismiss in part and deny in part the petition for review.

Pan first challenges the finding below that she failed to timely file her asylum application. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2006) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this Act . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances." Gomis, 571 F.3d at 358. Accordingly, "absent a colorable constitutional claim or question of law, [the Court's]

2

review of the issue is not authorized by § 1252(a)(2)(D)." Id. Because Pan fails to raise any such issues, we lack jurisdiction to review this finding.

Next, Pan disputes the conclusion that she failed to qualify for the relief of withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we conclude that substantial evidence supports the agency's adverse credibility determination as well as its finding that Pan failed to demonstrate past persecution or a clear probability of future persecution. Because the evidence does not compel us to conclude to the contrary, we uphold the denial of relief. See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011), petition for cert. filed (Aug. 6, 2012).

We accordingly dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>